UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHAWN ROLAND BOISVERT,

Plaintiff,

v. Case No. 6:25-cv-2187-CPT

COMMISSIONER OF SOCIAL SECURITY,

Defendant.
_______________________________/

# **O R D E R**

Before the Court is the Plaintiff's unopposed motion for attorneys' fees pursuant to the Equal Access to Justice Act (EAJA or the Act). (Doc. 30). For the reasons discussed below, the Plaintiff's motion is granted.

I.

The Plaintiff initiated this action in November 2025, seeking judicial review of the Commissioner's decision denying his application for Disability Insurance Benefits. (Doc. 1). In June 2026, the Court reversed the Commissioner's decision and remanded the case for further proceedings. (Doc. 27). The Clerk of Court entered Judgment for the Plaintiff shortly thereafter. (Doc. 28). The instant motion, uncontested by the Commissioner, soon followed. (Doc. 30).

II.

The EAJA authorizes a court to grant attorneys' fees and other expenses to any party prevailing in litigation against the United States (including proceedings for judicial review of agency action), unless the court determines that the government's position was "substantially justified" or that special circumstances exist which make such an award unjust. *See* 28 U.S.C. § 2412(d). To warrant the issuance of fees under the Act, three conditions must be met: (1) a party must file a fee application within thirty days of the final judgment; (2) a party must qualify as the prevailing party and his net worth must not have been more than $2,000,000 at the time he commenced the action; and (3) the government's position must not have been substantially justified and there must be no other special circumstances that would render such an award unjust. *See id.*; *see also Patton v. Berryhill*, 2017 WL 6520474, at *1 (M.D. Fla. Dec. 18, 2017) (citing *Myers v. Sullivan*, 916 F. 2d 659, 666–67 (11th Cir. 1990)).

Each of these conditions has been satisfied here, as the Commissioner effectively acknowledges by his lack of opposition. Thus, it is appropriate to grant attorneys' fees pursuant to the EAJA in this case.

In assessing the fees to be authorized, courts look to subsection 2412(d)(2)(A), which provides, in pertinent part:

> The amount of fees [to be] awarded [to the prevailing party in any civil action brought against any agency or any official of the United States] shall be based upon [the] prevailing market rates for the kind and quality of the services furnished, except that . . . attorney[s'] fees shall not be

> awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A).

As this statutory language reflects, an analysis of the proper hourly rate under the Act consists of two steps. First, a court must ascertain the market rate for similar services provided by lawyers of comparable skill, experience, and reputation. *Meyer v. Sullivan*, 958 F. 2d 1029, 1033 (11th Cir. 1992) (quoting *Norman v. Housing Auth. of Montgomery*, 836 F. 2d 1292, 1299 (11th Cir. 1988)). Second, if the prevailing market rate is more than $125 per hour, a court must decide whether to adjust the hourly rate for an increase in the cost of living or some special factor. *Id.* at 1033–34.

The market rate during the relevant period for the type of work at issue in this lawsuit is not subject to precise calculation. In the Court's experience, counsel submitting EAJA fee petitions for services performed since 2020 have typically sought hourly rates exceeding $200. As a result, the hourly rate charged by competent attorneys in this market has, for some time, surpassed the statutory cap of $125. The Court is not alone in this observation. *See, e.g.*, *Roman v. Comm'r of Soc. Sec.*, 2024 WL 3046249, at *1 (M.D. Fla. June 18, 2024); *Goldstein v. Comm'r of Soc. Sec.*, 2024 WL 2019866, at *1 (M.D. Fla. May 7, 2024); *Burke v. Comm'r of Soc. Sec.*, No. 8:21-cv-1267-MSS-SPF, (Doc. 25) (M.D. Fla. Apr. 25, 2022), *report and recommendation adopted*, (Doc. 26) (M.D. Fla. May 23, 2022); *Chartier v. Comm'r of Soc. Sec.*, 2022 WL 1289335,

at *2 (M.D. Fla. Apr. 29, 2022); *Britt v. Comm'r of Soc. Sec.*, 2022 WL 358674, at *2 (M.D. Fla. Jan. 27, 2022), *report and recommendation adopted*, 2022 WL 356218 (M.D. Fla. Feb. 7, 2022). The Court therefore finds that there is a sufficient justification to deviate upwardly from the EAJA's base fee rate to account for increases in the cost of living.

Courts in this district and elsewhere routinely compute cost of living adjustments under the Act by using the Bureau of Labor Statistics' Consumer Price Index (CPI). *See, e.g.*, *Wilborn v. Comm'r of Soc. Sec.*, 2013 WL 1760259, at *1 (M.D. Fla. Apr. 24, 2013); *Rodgers v. Astrue*, 657 F. Supp. 2d 1275, 1277 (M.D. Fla. 2009); *Morrison v. Astrue*, 2010 WL 547775, at *2 (S.D. Fla. Feb. 12, 2010); *see also Sprinkle v. Colvin*, 777 F. 3d 421, 428 (7th Cir. 2015) (collecting various circuit opinions using the CPI to determine hourly rate adjustments).[1] In light of this case authority, the Court deems it reasonable to rely on the CPI as a guide for determining cost of living increases under the EAJA. *See* U.S. DEP'T OF LABOR, BUREAU OF LABOR STATISTICS, https://data.bls.gov/cgi-bin/surveymost?bls (last visited July 1, 2021).

Here, the Plaintiff seeks $4,503.79 in fees based on a total of seventeen hours of work performed in this action by his lawyers, Richard Culbertson and Sarah Jacobs, in 2025 and 2026. (Doc. 30). This requested fee amount is predicated upon an hourly

[1] For a discussion of the CPI data employed by many courts in this Circuit, as well as an explanation of the cost-of-living adjustment calculation, see *Sensat v. Berryhill*, 2018 WL 5257143, at *6 n.12 (S.D. Fla. Oct. 22, 2018).

rate of $258.46 for Mr. Culbertson in 2025, and hourly rates of $258.46 and $265.51 for Ms. Jacobs in 2025 and 2026, respectively. *Id.* To buttress his fee petition, the Plaintiff submits, inter alia, an itemized schedule of the labor engaged in by his attorneys, along with his fee agreement with counsel. *Id.*; (Doc. 30-1). The Commissioner does not quarrel with the designated hourly rates for the Plaintiff's lawyers, nor does the Commissioner object to the Plaintiff's overall fee figure. (Doc. 30).

Given the Commissioner's lack of opposition, as well as the Court's own knowledge and experience in addressing fee matters, the Court finds that the total number of hours and the hourly rates claimed by counsel are reasonable and adequately supported. *See Norman v. Hous. Auth. of City of Montgomery*, 836 F. 2d 1292, 1303 (11th Cir. 1988); *Barreras v. Comm'r of Soc. Sec.*, 2021 WL 3934269, at *3 (M.D. Fla. Aug. 2, 2021), *report and recommendation adopted*, 2021 WL 3930507 (M.D. Fla. Sept. 2, 2021). The Plaintiff is thus entitled to $4,503.79 in attorneys' fees.

III.

Based upon the foregoing, it is hereby ORDERED:

1. The Plaintiff's unopposed motion for attorneys' fees pursuant to the EAJA (Doc. 30) is granted.

2. The Plaintiff shall be awarded fees in the amount of $4,503.79.

3. In accordance with *Astrue v. Ratliff*, 560 U.S. 586, 598 (2010), the Commissioner's remittance of this sum shall be made payable to the Plaintiff. If the

government concludes that the Plaintiff does not owe any debt to the government, the Commissioner may honor an assignment of fees to the Plaintiff's lawyers.

SO ORDERED in Tampa, Florida, this 2nd day of September 2026.

HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies to:
Counsel of record